UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANTE BENCIVENGA,

        Plaintiff,

v.

UNUM LIFE INSURANCE
COMPANY OF AMERICA,

        Defendant.

Case No. 14-cv-10118

Honorable Patrick J. Duggan

## ORDER GRANTING DEFENDANT'S MOTION FOR ENTRY OF FINAL JUDGMENT

Plaintiff Dante J. Bencivenga filed this civil action seeking review of Defendant Unum Life Insurance Company of America's ("Unum") decision to terminate his long-term disability benefits under a group insurance policy. In an Opinion and Order dated March 27, 2015, this Court denied Unum's motion for judgment on the administrative record, concluding that Unum's termination decision was not adequately supported by the administrative record. *Bencivenga v. Unum Life Ins. Co. of Am.*, No. 14-10118, 2015 U.S. Dist. LEXIS 39117 (E.D. Mich. Mar. 27, 2015) (unpublished). The Court, therefore, remanded the action to the plan administrator for further development of the record. *Id.*

Despite having denied Unum's motion for judgment on the administrative record, the Court, in its March 27 Opinion and Order, granted Unum's motion for partial summary judgment on its counterclaim against Bencivenga. *Id.* The Court concluded that Bencivenga had received disability benefits in excess of the amount to which he was entitled, and that he was contractually-obligated to refund the overpayments made by Umum. *Id.* Because Bencivenga had not provided Unum with tax returns for two years, the Court was unable to enter judgment on the amount Bencivenga owed Unum as a result of Unum prevailing on its counterclaim. Since that time, Bencivenga has furnished Unum with his tax returns, permitting Unum to accurately calculate the amount he must remit.

Presently before the Court is Unum's motion for entry of final judgment on its overpayment counterclaim, filed pursuant to Federal Rule of Civil Procedure 54(b).[1] (ECF No. 32.) In its motion, Umum contends that it is entitled to a judgment of $99,688.22 against Bencivenga. Unum also seeks prejudgment interest on its counterclaim pursuant to Michigan Compiled Laws § 600.6013(8), *see Safran v. Donagrandi*, No. 08-12366, 2009 U.S. Dist. LEXIS 35459 (E.D.

---

[1] Federal Rule of Civil Procedure 54(b) provides, in pertinent part:

> When an action presents one claim for relief – whether as a claim, counterclaim, crossclaim, or third-party claim – or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all claims or parties only if the court expressly determines that there is no just reason for delay. . . .

Mich. Apr. 27, 2009) (Duggan, J.), from March 4, 2015 (the date it filed its counterclaim) through the entry of final judgment. Specifically, Unum suggests that the total interest between March 4 and June 26, 2015 results in an interest award of $3,472.80, for a total judgment of $103,101.02, plus an additional $7.31 of daily interest accruing after June 26, 2015 through the entry of final judgment.

The sole issue to remain unresolved after the Court's March 27, 2015 Opinion and Order was the amount of money Bencivenga was required to remit as a result of receiving disability overpayments. That issue has now been resolved, as Unum has provided its calculations and has submitted sufficient documentation to support those calculations. Although Bencivenga responded to pending motion, the response was entirely nonresponsive to the arguments set forth therein, as if counsel neglected to read the contents of the motion. The Court, therefore, treats the motion as unopposed. Further, having determined that oral argument would not significantly aid the decisional process, the Court dispenses with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f)(2).

Having previously determined that Unum is entitled to recoup the overpayments it made to Bencivenga, and given the calculations and legal authority submitted by Unum in support of the present motion, the Court grants Unum's request for judgment. Because all of the issues pending before this Court have been resolved either by way of remanding the case to the plan administrator

or by way of the instant motion, the Court need not direct final judgment solely on the counterclaim nor determine whether there is no just reason for delay. A separate judgment disposing of this civil action shall issue forthwith.

Accordingly,

**IT IS ORDERED** that Unum's motion for entry of final judgment is **GRANTED**.

Dated: August 19, 2015

                                                  s/Patrick J. Duggan
                                                  PATRICK J. DUGGAN
                                                  UNITED STATES DISTRICT JUDGE

Copies to:

**James C. Klemanski, Esq.**
**D. Andrew Portinga, Esq.**
**J. Michael Smith, Esq.**